IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Howard Sheward, Jr.,

    Plaintiff,

v.

City of Henryetta,
Jennifer Clason; and
Fountain View Manor, Inc.,

    Defendants.

Case No. 18-CIV-295-RAW

## ORDER

Before the court is the motion of the defendant Fountain View Manor, Inc. for summary judgment. Plaintiff alleges against all defendants claims of (1) retaliation for the exercise of the constitutional rights to free speech and petition pursuant to 42 U.S.C. §1983; (2) conspiracy to deprive plaintiff of his federal civil rights pursuant to 42 U.S.C. §1985; and (3) malicious prosecution and abuse of process pursuant to 42 U.S.C. §1983.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party; a fact is material when it might affect the outcome of the suit under governing law. *See Foster v. Mountain Coal Co.,* 830 F.3d 1178, 1186 (10th Cir.2016). The court must view all evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1027 (10th Cir.2018).

Plaintiff is a resident of the City of Henryetta, in Okmulgee County. In 2010, he successfully used the initiative petition process outlined in 34 O.S. §§1-27 to commence an audit of the City by the Oklahoma State Auditor & Inspector. *See* 74 O.S. §212(L). This ultimately resulted in a Report (#49-20) for the period July 1, 2010 through June 30, 2012. The Report found fault with City officials in certain respects.

Meanwhile, in 2016, plaintiff had prepared another initiative petition, which dealt with (among other things) a proposed charter change, placing the decision to raise or lower water rates to the voters. Plaintiff submitted the petition to the Henryetta City Clerk for certification in early May, 2016. The City Clerk found deficiencies and rejected the petition. Plaintiff states he had a right to appeal the decision (citing 11 O.S. §15-104(B)) but that he chose not to do so.

On May 19, 2016, the City of Henryetta and Jennifer Clason (the Mayor of the City and also head administrator for defendant Fountain View Manor) filed a petition for declaratory judgment in the District Court of Okmulgee County (#50-3). Essentially, the lawsuit contended that after the City Clerk had rejected the proposed Initiative Petition, Sheward (via email) made numerous accusations to the office of the State Auditor that the City had denied due process in finding the proposed petition to be fatally flawed. Also alleged was that Sheward had made accusations to the State Auditor that the City regularly wasted public funds, despite no such finding being made in the Audit. The lawsuit sought a declaration that the City and City Clerk acted appropriately in finding the Initiative

2

Petition to be deficient. The lawsuit sought costs and attorney fees. Plaintiff contends that (inasmuch as he had not appealed the City Clerk's finding) the manifest purpose of this state-court declaratory action was to have a "chilling effect" on his speech.

Plaintiff sought resolution of the declaratory judgment matter but no agreement was reached. In August, 2017, the City and Clason dismissed their action without prejudice. Plaintiff alleges that prior to this time he incurred expenses relating to the hiring of an attorney and preparation for a scheduled hearing. He alleges the lawsuit was an attempt to intimidate him into seeking any more Initiative Petitions and deter him from exercising his right to free speech and petition. He also alleges that the City and Clason caused to be filed in the public record of the lawsuit a copy of the signature page of the proposed Initiative Petition, thus potentially exposing individuals named to public ridicule.

The City and Clason, it is alleged, began enclosing a flyer to accompany each citizen's water bill. The flyer explained that a new $6 monthly charge was included to pay for the cost of the previous Audit. The flyer attributes the Audit to "misinformed residents of our City," but did not mention plaintiff or anyone else by name.

The remaining defendant in the present lawsuit is movant Fountain View Manor, Inc., (FVM or movant), a private nursing home in Henryetta. In 2015, movant was forced to undergo an expensive project related to a collapsed sewer line under its building. Plaintiff lived across the street from the movant's building and observed the project. As

previously stated, defendant Clason was the City Councilor for the district (and soon to become Mayor of Henryetta). She was also the co-owner and administrator of FVM.

As an observer, plaintiff had two concerns. He complained to the City about resolving the continuing hazard, but he also did not approve of seeing city personnel using a "sump truck" in the project. Essentially, the two concerns merged into plaintiff's concern that "Defendant Clason was taking advantage of her position in order to avoid hiring a private contractor to assist in any sewage cleanup." (#24 at ¶64). Plaintiff made open records requests which did not receive a response.

On July 31, 2015, FVM and Clason filed a "Notice of Tort Claim" with the City wherein it identified $102,953.96 in damages for the use of private plumbing company to repair the sewer line. After a September city council meeting, plaintiff prepared and distributed a flyer, requesting citizens to persuade city officials to vote against the payment demand. Eventually, the City Attorney for Henryetta directed the City's insurance provider to pay the claim, at least in part.

On October 9, 2015, plaintiff sent an email to the City Attorney regarding his open records request. The City Attorney did not respond. Plaintiff alleges that an email sent by the City Attorney to the Mayor and the City Manager demonstrates a "meeting of the minds" to violate the Open Records Act, which plaintiff alleges is a misdemeanor offense under Oklahoma Law.

On October 21, 2015, FVM filed a lawsuit against plaintiff in state court for slander and libel and to seek a restraining order. After the plaintiff agreed to temporarily cease his activities, FVM dismissed the lawsuit on January 22, 2016. On January 27, 2016, plaintiff responded to some local journalists by email that he believed the defamation lawsuit filed against him by FVM was frivolous. Upon being advised of plaintiff's remarks, FVM re-filed the lawsuit on February 10, 2016 with an additional claim regarding the recent comment. The state court judge denied FVM's motion for summary judgment and granted Sheward's motion for summary judgment.

In doing so, the state district court found that "the Defendant [i.e., Sheward] has presented substantial evidence that Plaintiff [i.e., FVM] engaged in "Strategic Litigation Against Public Participation" – or "SLAPP" litigation[1], when it filed this lawsuit, which is prohibited under Oklahoma law, specifically: the Plaintiff filed the above-captioned matter primarily as its purpose to silence the Defendant from being critical of 'public figures' about 'matters of public concern.' Plaintiff's alleged injuries, if any were the result of Defendant's privileged communications involving the 'right to petition' and/or 'right to free speech' that are protected by the First Amendment to the United States Constitution." (#69-6 at page 2 of 4).

---

[1] The Oklahoma Citizens Participation Act, 12 O.S. §§1430-1440, is an "anti-SLAPP" law.

FVM appealed, and the Oklahoma Court of Civil Appeals affirmed the decision by opinion issued April 5, 2019. (#69-1). The appellate court stated that "Sheward also successfully demonstrated FVM brought suit against him in an effort to keep him from publicly criticizing the mayor and questioning the use of city finances. (*Id.* at page 14 of 16 in CM/ECF pagination). Also, "[t]he mayor's own deposition testimony indicates Sheward's silence was the objective of the lawsuit as well." *Id.*

Count One will be addressed first. Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir.2007).

Section 1983 does not create substantive rights but provides a vehicle for their enforcement. *See Brown v. Buhman,* 822 F.3d 1151, 1161 n.9 (10th Cir.2016). Liability under §1983 requires deprivation of a federally protected right by an actor acting under color of state law. *Schaffer v. Salt Lake City Corp.,* 814 F.3d 1151, 1155 (10th Cir.2016). FVM is a private entity. Section 1983 does not extend to private conduct "no matter how unfair that conduct may be." *Nat'l Collegiate Ath. Ass'n. v. Tarkanian,* 488 U.S. 179,

191 (1988). A non-governmental entity, however, may still be engaged in state action if the court determines that the alleged infringement of federal rights is "fairly attributable to the state." *Beedle v. Wilson,* 422 F.3d 1059, 1065 (10th Cir.2005).

Four tests have been described to determine whether a private party should be deemed a state actor: (1) the nexus test, (2) the public function test, (3) the joint action test, and (4) the symbiotic relationship test. *Wittner v. Banner Health,* 720 F.3d 770, 775 (10th Cir.2013). Plaintiff relies on the "joint action" test (#69 at page 18 of 36 in CM/ECF pagination). Under this test, the court asks whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. *Id.* at 777.

One way to prove willful and joint action is to demonstrate that the public and private actors engaged in a conspiracy. *Sigmon v. CommunityCare HMO, Inc.,* 234 F.3d 1121, 1126 (10th Cir.2000). A private actor's joint action with a public official can subject the private actor to §1983 liability under a conspiracy approach if the public and private actors share a common, unconstitutional goal. *Allen v. Lang,* 738 Fed.Appx. 934, 941 (10th Cir.2018).

This court finds a genuine dispute of material fact on this point. Movant argues "[t]here is zero evidence that Fountain View, a private nursing home, had any involvement with the City of Henryetta's declaratory judgment against plaintiff in state court which involved plaintiff's initiative petition efforts that the City Clerk denied. There is no evidence that the City of Henryetta had anything to do with Fountain View's state case for

defamation and injunctive relief." (#78 at 2). The court agrees as to the first point, but disagrees as to the second point[2].

Clason was the Mayor of Henryetta, as well as administrator and co-owner of FVM. The decision of the Oklahoma Court of Civil Appeals quotes Clason's deposition that "[i]f [Sheward] would drop his actions against Fountain View Manor, then <u>we</u> would drop the suit." (#69-1 at 14)(emphasis added). In response to the question "[s]o if Mr. Sheward were to just be silent about it, <u>you</u> would dismiss the lawsuit?", Clason answered "Yes." (*Id.* at 15)(emphasis added). It could be argued that Clason meant "we" merely wearing her FVM "hat," but her dual position (viewing the record in the light most favorable to plaintiff) creates a plausible inference of joint action.

Nevertheless, the court grants summary judgment as to Count One. Movant also seeks summary judgment based on the statute of limitations. State law determines the appropriate limitations period for §1983 claims, and in Oklahoma that period is two years. *See Cunningham v. City of Waukomis Police Dept.,* 747 Fed.Appx. 704, 707 (10th Cir.2018). Federal law, however, determines when a claim accrues. *Id.* Injuries based on violations of constitutional rights accrue when the plaintiff knows or should know that this rights have been violated. *Id.*

---

[2] In the alternative, the court finds the first point irrelevant because the declaratory judgment action was not a First Amendment violation. This is explained in the companion order addressed the motion for summary judgment of the City and Clason.

In Count One, plaintiff alleges the defendants were in "joint action," i.e., a conspiracy. With respect to a conspiracy claim, the statute of limitations "runs separately from each overt act of the conspiracy that allegedly caused injury." *O'Connor v. St. John's Coll.,* 290 Fed.Appx.137, 141 (10th Cir.2008). In other words, a civil conspiracy action does not accrue in its entirety upon the occurrence of the last act in furtherance of the conspiracy. Plaintiff commenced the present action by complaint filed on August 31, 2018. The last overt act arguably constituting retaliation was FVM's defamation lawsuit, which was filed October 21, 2015, and re-filed February 10, 2016. The court finds this is the appropriate accrual date, and therefore the two-year statute of limitations had already expired[3].

Summary judgment is also appropriate as to Count Two. While 42 U.S.C. §1985(3) establishes a cause of action for conspiracy to deprive a person of his civil rights and "reaches not only conspiracies under color of state law, but also purely private conspiracies," *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268 (1993), it does not provide redress as a "general federal tort law." *Id.* (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). Rather, a plaintiff must show that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the

---

[3]Plaintiff's contention that the alleged conspiracy's last overt act was the January 31, 2017, letter issued by the City Council is not persuasive. The letter simply denied allegations of plaintiff which were already public. In any event, no evidence links FVM to this letter.

conspirators' action. *Id.* at 267-68. *See also Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir.1993)[4]. Plaintiff has raised no genuine dispute of material fact as to Count Two.

Count Three is also subject to summary judgment. The Tenth Circuit "has recognized the viability of malicious prosecution claims under §1983." *Taylor v. Meacham,* 82 F.3d 1556, 1560 (10th Cir.1996). Such a claim, however, requires termination of a prior <u>criminal</u> proceeding in favor of the accused. *Allen v. Town of Colcord, Okla.,* 874 F.Supp.2d 1276, 1289 (N.D.Okla.2012)(citing *Heck v. Humphrey,* 512 U.S. 477 (1994)). A federal malicious prosecution claim must be based on a Fourth Amendment violation. *Fisher v. Koopman,* 693 Fed.Appx. 740, 746 (10th Cir.2017). The same reasoning applies to the extent plaintiff brings an abuse of process claim. *See Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir.1994)(abuse of <u>criminal</u> process).

It is the order of the court that the motion of the defendant Fountain View Manor, Inc. for summary judgment (#49) is hereby granted.

**ORDERED THIS 20th DAY OF MAY, 2019.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**

---

[4]Claims under §1985(1) & (2) also deal with conspiracies, but they are not applicable to plaintiff's claims. Section 1985(1) involves conspiracy to prevent a person from holding federal office or discharging the duties of the office, and Section 1985(2) involves conspiracies to obstruct justice.