# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

Howard Sheward, Jr.,

    Plaintiff,

v.

Case No. 18-CIV-295-RAW

City of Henryetta,
Jennifer Clason, and
Fountain View Manor, Inc.,

    Defendants.

## ORDER

Before the court is the motion of the defendants City of Henryetta and Jennifer Clason for summary judgment. In the first amended complaint (#24), plaintiff alleges against all defendants claims of (1) deprivation of the constitutional right to free speech and petition; (2) conspiracy to deprive plaintiff of his federal civil rights; and (3) malicious prosecution and abuse of process.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party; a fact is material when it might affect the outcome of the suit under governing law. *See Foster v. Mountain Coal Co.,* 830 F.3d 1178, 1187 (10th Cir.2016). The court must view all evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1026 (10th Cir.2018).

The facts have been set forth in the companion order regarding the motion for summary judgment of defendant Fountain View Manor, Inc.

A major portion of plaintiff's claim against these movants as to Count One is that the declaratory judgment action was essentially an improper attempt to discourage plaintiff's exercise of free speech. The Tenth Circuit has stated that "Supreme Court authority suggests that governmental entities are not permitted to bring libel actions against private citizens, at least without alleging actual malice, and that allowing them to do so would be contrary to the protections afforded to the citizenry by the First Amendment." *Beedle v. Wilson,* 422 F.3d 1059, 1066 (10th Cir.2005). Plaintiff argues that the declaratory judgment action was actually a "libel action" in the sense above, but this court disagrees. "[B]eing properly named as a defendant in a declaratory judgment suit, however styled, would not chill a person of ordinary firmness from continuing to engage in constitutionally protected activity." *Shero v. City of Grove,* 510 F.3d 1196, 1204 (10th Cir.2007).

As stated in the companion order, the court finds (viewing the record in the light most favorable to plaintiff) a genuine dispute of material fact as to "joint action" between the defendants as to Count One. Movants assert: "FVM's Board of Director's decision to pursue its own private suit is not a basis here for holding the municipal defendants liable. FVM had its own President, Vice President, and Board of Directors, and it made its own decision to hire its own counsel and pursue its legal redress for what it perceived to be

trespass by Plaintiff and defamatory statements against FVM." (#76 at pages 4-5 of 12 in CM/ECF pagination). Movants cite evidentiary materials at that point, but the court is not persuaded they fully support the statement made. In any event, no statements from FVM's President, Vice President, and/or Board of Directors are cited as to the decision-making process. Summary judgment is not granted on that basis.

For the reasons cited in the companion order, however, summary judgment is granted as to Count One based on the statute of limitations, and is granted as to Counts Two and Three as well.

It is the order of the court that the motion of the defendants City of Henryetta and Jennifer Clason for summary judgment (#50) is hereby granted. Plaintiff's objections and motions to strike reply briefs (##83 & 84) are denied. All other pending motions are deemed moot.

**ORDERED THIS 20th DAY OF MAY, 2019.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma